UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MICHAEL E. DURAND                              CIVIL ACTION

VERSUS                                         NUMBER: 10-00167

SHERIFF RODNEY JACK STRAIN, ET AL.             SECTION: "B"(5)


                      REPORT AND RECOMMENDATION


    This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se, Michael E. Durand, against defendants, Sheriff Rodney "Jack" Strain and Deputy Justin Dillon of the St. Tammany Parish Sheriff's Office. (Rec. doc. 1). Plaintiff, an inmate of the St. Tammany Parish Jail at the time that suit was filed, alleged that he had been attacked by another inmate, Chad Cooper, at the behest of yet another prisoner against whom he was scheduled to testify, Timothy Brown, as a result of being housed in close proximity to Brown by Deputy Dillon when the antagonism between plaintiff and Brown was known by the Deputy. (Rec. docs. 1, 16).

    After suit was filed, service was effected upon Sheriff Strain

who duly filed an answer to plaintiff's complaint. (Rec. docs. 6, 11).  However, service upon Deputy Dillon could not be accomplished as he was by that time no longer employed by the St. Tammany Parish Sheriff's Office. (Rec. doc. 7).  By October 14, 2010, plaintiff had been transferred to the Concordia Parish Correctional Center in Ferriday, Louisiana. (Rec. doc. 22).  Ultimately, the Court obtained Deputy Dillon's last known residential address from counsel for the Sheriff but the Marshal's service efforts were once again unsuccessful as Dillon no longer resided there. (Rec. docs. 24, 27, 28, 33, 37, 38, 39).

A status conference via telephone was subsequently held on July 13, 2011 with plaintiff and counsel for the Sheriff participating. (Rec. docs. 43).  At that time, plaintiff advised the Court that he was scheduled to be released from incarceration in eleven months and, after discussion with the parties, it was agreed that this matter would be administratively closed without prejudice to plaintiff's right to move to re-open the case within sixty days following his release, absent which the case would be dismissed for failure to prosecute as to both of the defendants. (Id.).  For purposes of calculating that sixty-day window, the Court ordered plaintiff to provide the Court with his anticipated release date on or before August 1, 2011. (Id. at p. 2).  A copy of the Court's minute entry memorializing the July 13, 2011 status

conference was mailed to plaintiff at his address of record but was later returned as undeliverable as he was no longer housed at the Concordia Parish Correctional Facility. (Rec. doc. 44).  It has now been over thirty-five days since that piece of mail was returned to the Court as undeliverable.  The August 1, 2011 deadline has also passed and plaintiff has failed to advise the Court of his anticipated release date as was ordered.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to notify the court of a current ... postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."  The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. See Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), cert. denied, 552 U.S. 1246, 128 S.Ct. 1479 (2008); Thomas v. Parker, 2008 WL 782547 (E.D. La. March 19, 2008); Batiste v. Gusman, 2007 WL 1852026 (E.D. La. June 26, 2007). The importance of this obligation was noted by the Fifth Circuit years ago when it

stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."[1]/  Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order.  Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the fifth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 5).  Plaintiff has also failed to advise the Court of his anticipated release date as he was ordered to do. The Court must therefore assume that plaintiff has no further interest in prosecuting this case.  As plaintiff is

---

[1]/ While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

4

proceeding pro se in this matter, these failures are attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1 and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  2nd  day of    September   , 2011.

*Alma L. Chasez*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

5